UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ANDREA THOMAS,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>RONALD J. LIND, TIM HAMANN, JOHN NUNES, AND UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 5,<br><br>　　　　　　Defendants.<br>_____/ | No. C 12-04318 LB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>[ECF No. 4] |

## I. BACKGROUND

On July 24, 2012, pro se Plaintiff Andrea Thomas filed suit in Alameda County Small Claims Court against Defendants Ronald Lind, Tim Hamann, John Nunes (originally identified as "Jhon N."), and United Food and Commercial Workers Union, Local 5 ("UFCW") (collectively, Defendants), for allegedly failing to provide her with representation and violating the collective bargaining agreement between the UFCW and Savemart Supermarkets. *See* Compl., ECF No. 1 at 5-6, 10; Opp'n, ECF No. 9.[1]

Thomas's small claims form complaint provides scant factual allegations. *See* Compl., ECF No.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

1 at 5-12. Thomas alleges that she lives in Fairfield, California, while each Defendant can be located at 240 South Market Street, San Jose, California. *See id.* at 6, 10. The complaint alleges that Defendants are liable to Thomas for: "The fail to follow the food & meat UFCW agreements for 12/2/07-10/8/11 in the arbitration & disputes process." *Id.* at 6. Thomas indicates that this happened in "2009-2010." *Id.* Thomas seeks $10,000 in damages for "[t]he loss of income decline. Pain & suffering." *Id.*

On August 16, 2012, Defendants removed to this court on the basis of federal question jurisdiction, claiming that Plaintiff's claims arise under Section 301 of the Labor Management and Relations Act ("LMRA"), 29 U.S.C. § 185. ECF No. 1 at 1-2. Defendants now move to dismiss Thomas's complaint as barred by the statute of limitations and as not appropriate against the individual Defendants, who are UFCW officers. Mot., ECF No. 4 at 2.

Thomas filed an opposition, which states in substantive part:

> I have worked as a union member for over nine years; however this union failed to represent me and violated the Local 5, UFCW Food and Meat Agreements December 2, 2007-October 8, 2011.By and Between United Food and Commercial Workers Union Local 5 and Savemart Supermarkets. In the Adjustment Board and Arbitration of Disputes process section 21 p 43. They also failed to give me as a union member legal representation. I went to EEOC and when they sent me the letter and ticket to sue I, sent the paper work out on time. I filed a law suit with small claims court. Since the Union has sent this matter to you I, am asking for more money for pain and suffering, lost of income and emotion distress. I want justice.

Opp'n, ECF No. 9 (errors in original). For the reasons stated below, the court GRANTS Defendants' motion and dismisses Thomas's claims against all Defendants with leave to amend.[2]

## II. LEGAL STANDARD

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does

---

[2] The court finds that this matter is suitable for determination without oral argument and vacates the October 4, 2012 hearing. *See* N.D. Cal. Civ. L. R. 7-1(b).

UNITED STATES DISTRICT COURT
For the Northern District of California

1   not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly,* 550
2   U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the
3   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
4   *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a
5   'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted
6   unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule
7   12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to
8   provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a
9   formulaic recitation of the elements of a cause of action will not do. Factual allegations must be
10  enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal
11  citations and parentheticals omitted).

12  In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true
13  and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus,* 551
14  U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). In
15  addition, courts may consider documents attached to the complaint. *Parks School of Business, Inc.
16  v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). If the court dismisses the
17  complaint, it should grant leave to amend even if no request to amend is made "unless it determines
18  that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203
19  F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California
20  Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure
21  deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963
22  F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had
23  instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to
24  amend).

25  ### III. DISCUSSION

26  **A. Jurisdiction**

27  As an initial matter, the court must determine whether this court has jurisdiction over Thomas's
28  claims. Thomas does not challenge the propriety of removal to this court. Nonetheless, the court

has an independent obligation to determine whether it has jurisdiction over the dispute and the parties.

"A defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983). Generally, a claim "arises under" federal law only if a federal question appears on the face of the plaintiff's complaint or if the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *See id.* at 27-28. "Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) (citing *Franchise Tax Bd.*, 463 U.S. at 12).

There is an exception to the "well-pleaded complaint" rule. Under the "artful pleading" doctrine, a plaintiff cannot defeat removal of a federal claim by disguising or pleading it artfully as a state claim. If the claim involved is one arising under federal law, the federal court will re-characterize the claim and uphold removal. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398 n.2 (1981); *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983). Also, where a state law claim is completely preempted by federal law, the "artful pleading" doctrine applies and "any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

Here, Thomas's suit arises under federal law, and any claims under state law are preempted. "A suit for breach of a collective bargaining agreement is governed exclusively by federal law under section 301 [of the LMRA]." *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988) (citing *Franchise Tax Board*, 463 U.S. at 23). "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement and any state claim whose outcome depends on analysis of the terms of the agreement." *Id.* (collecting cases) (internal citation omitted); *see also, Hardine v. Office and Professional Employees Int'l. Union*, 475 Fed. App'x 103, 105 (9th Cir. 2012) (The district court properly concluded that section 301 of the [LMRA] preempts [plaintiff's] state law claim because it is

C 12-04318 LB
ORDER GRANTING MOTION TO DISMISS           4

'inextricably intertwined with consideration of the terms of the labor contract.'"); *cf. Perugini v. Safeway Stores, Inc.*, 935 F.2d 1083, 1089 (9th Cir. 1991) (finding that to the extent plaintiff's emotional distress claims were based on the union's failure to represent her, the claims were preempted by the LMRA).

Similarly, a claim for breach of the union's duty of fair representation also arises under section 301. "The duty of fair representation is a statutory duty implied from section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a), which grants to the union exclusive power to represent all employees of the collective bargaining unit." *Retana v. Apartment, Motel, Hotel and Elevator Operators Union, Local No. 14, AFL-CIO*, 453 F.2d 1018, 1021-22 (9th Cir. 1972). The National Labor Relations Act is an Act of Congress regulating commerce, and suit for breach of the duty is a suit "arising under" the statute within the meaning of 28 U.S.C. § 1337. *Id.* On the basis of this analysis, the Ninth Circuit has joined many other circuits in holding that section 1337 confers jurisdiction over suits alleging breach of the duty of fair representation. *See id.* at 1022 (collecting cases).

Thomas's complaint alleges that the UFCW failed to represent her in arbitration, though the complaint does not specifically invoke any particular cause of action. *See* Compl., ECF No. 1 at 5-12; Opp'n, ECF No. 9. Defendants argue, and Thomas does not dispute, that the complaint purports to state a cause of action for breach of a collective bargaining agreement and/or breach of the duty of fair representation. *See* Mot., ECF No. 4 at 3-4. Thomas's claim is premised on "[t]he fail[ure] to follow the food & meat UFCW agreements" and specifically their "arbitration & disputes process." Compl., ECF No. 1 at 6. Any consideration of this claim, therefore, involves analysis of the collective bargaining agreement's terms. As a result, Thomas's claim arises under federal law and because Defendants timely removed, *see* Notice of Removal, ECF No. 1 at 2, the court has jurisdiction over Thomas's claim.

## B. Statute of Limitations

Because Thomas's claim arises under section 301, the six-month statute of limitations of 29 U.S.C. section 160(b) applies. *See, e.g., Hardine*, 475 Fed. App'x at 105; *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983) (holding that courts should borrow six-month statute of

1  limitations from National Labor Relations Act section 160(b) in determining timeliness of claims for
2  breach of collective bargaining agreement and union's breach of the duty of fair representation).
3  Thomas alleges that the violations occurred in "2009-2010." Compl., ECF No. 1 at 6. Thomas filed
4  her state court complaint on July 24, 2012. *See id.* at 5. Because the complaint contains no
5  allegations that would support tolling the statute of limitations, it appears that Thomas's claims are
6  time-barred.

### C. Leave to Amend

Generally, federal courts should grant leave to amend where the deficiencies in the pleading may be cured. *See Lopez*, 203 F.3d at 1127. The court finds granting leave to amend is especially appropriate here because the operative pleading is a form complaint filed by a pro se plaintiff in state small claims court. While it appears from the facts alleged that Thomas's claims are barred by the statute of limitations, she may be able to amend her complaint to allege facts to support tolling the statute of limitations. The court notes that Thomas's opposition claims that she timely filed suit after receiving an EEOC right to sue letter. *See* Opp'n, ECF No. 9. While tolling doctrines may apply with reduced force in labor disputes, *see Harris v. Alumax Mill Prods., Inc.*, 897 F.2d 400 (9th Cir. 1990), on this record, the court can not determine that granting leave to amend is futile. Similarly, while section 310(b) shields individual union officers and members from liability for judgments against the union, an amended complaint with more fulsome allegations may state valid claims against the individual Defendants. Accordingly, the court grants Thomas leave to file an amended complaint within 28 days of this order.

### IV. CONCLUSION

For the reasons discussed above, the court GRANTS Defendants' motion to dismiss without prejudice. Thomas may file an amended complaint within 28 days of this order.

This disposes of ECF No. 4.

**IT IS SO ORDERED.**

Dated: September 28, 2012

_____
LAUREL BEELER
United States Magistrate Judge