1
2
3
4
5
6
7
8

<div style="text-align:center">

UNITED STATES  DISTRICT COURT

Northern District of California

San Francisco Division

</div>

| | |
|---|---|
| ANDREA THOMAS, | No. C 12-04318 LB |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | [ECF No. 14] |
| RONALD J. LIND, TIM HAMANN, JOHN NUNES, AND UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 5, | |
| Defendants. | |

_____/

## I.  INTRODUCTION

On July 24, 2012, pro se Plaintiff Andrea Thomas filed suit against Defendants Ronald Lind, Tim Hamann, John Nunes, and United Food and Commercial Workers Union, Local 5 ("UFCW") (collectively, Defendants), for allegedly failing to provide her with representation and violating the collective bargaining agreement between the UFCW and Savemart Supermarkets ("Agreement"). *See* Complaint, ECF No. 1 at 5-6, 10[1].  Defendants removed to this court and moved to dismiss the complaint.  *See* Notice of Removal, ECF No. 1; Motion to Dismiss Complaint, ECF No. 4.  The court dismissed Ms. Thomas's complaint on statute of limitations grounds but also granted Ms.

---

[1]  Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

<div style="writing-mode: vertical-rl; text-align:center">UNITED STATES DISTRICT COURT
For the Northern District of California</div>

Thomas leave to amend. *See* Order, ECF No. 11. On October 4, 2012, Ms. Thomas filed an amended complaint that incorporates supplementary materials. *See* First Amended Complaint ("FAC"), ECF No. 12. Defendants now move to dismiss the First Amended Complaint. *See* Motion, ECF No. 14. For the reasons stated below, the court GRANTS Defendants motion to dismiss, and gives Plaintiff leave to file an amended complaint within 28 days.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally filed suit against Defendants in Alameda County Small Claims Court on July 24, 2012. *See* Compl., ECF No. 1 at 5-6, 10; First Amended Complaint ("FAC"), ECF No. 12 at 1. Ms. Thomas alleged that in "2009-2010," Defendants failed to follow the procedures provided in the Agreement's dispute resolution procedures, particularly its arbitration provision. Compl., ECF No. 1 at 6-7. On August 16, 2012, Defendants removed to this court on the basis of federal question jurisdiction, claiming that Plaintiff's claims arise under Section 301 of the Labor Management and Relations Act ("LMRA"), 29 U.S.C. § 185. ECF No. 1 at 1-2. Defendants moved to dismiss Ms. Thomas's complaint as barred by the statute of limitations and as not appropriate against the individual Defendants, who are UFCW officers. Mot., ECF No. 4 at 2.

On September 28, 2012, the Court granted the Defendants' motion to dismiss Ms. Thomas's claims against all Defendants with leave to amend. *See* Order Granting Defendants' Motion to Dismiss ("Order"), ECF No. 11 at 1. The court first determined that it has jurisdiction under the LMRA and that Defendant's removal was proper. *Id.* at 5. Second, the court held that Ms. Thomas's claims under the Agreement were subject to the six-month statute of limitations of 29 U.S.C. § 160(b). *Id.* Because Ms. Thomas alleged that the violations occurred in "2009-2010," her claims were barred by the statute of limitations. *Id.* at 6. Finally, the court granted Ms. Thomas leave to amend because the scant factual record provided by Ms. Thomas's small claims court form complaint was insufficient to determine futility. *Id.*

Ms. Thomas filed the FAC on October 4, 2012 and attached a number of documents that provide some context for her allegations. ECF No. 12. The court construes the documents as making the following allegations:

UNITED STATES DISTRICT COURT
For the Northern District of California

- On June 6, 2010, Dr. Pamela Jenkins, a licensed clinical psychologist, wrote a letter to the Labor Relations - HR department of Savemart/Lucky's Stores, stating that Ms. Thomas was under her care, and required an emergency medical transfer to a different store due to the "hostile and disrespectful" working environment at her current workplace. *Id.* at 7.

- On or about July 30, 2010[2], Ms. Thomas drafted a letter to Savemart Human Resources, and copied "Union Local 5." *Id.* at 8. The letter complains that Ms. Angela Gonzales, Manager of Leaves Administration, sent Ms. Thomas's medical files to a store manager and that Ms. Gonzales had "taken back my accommodation." The letter alleges that Ms. Gonzales's actions violated HIPAA and the Americans with Disabilities Act ("ADA"). *Id.* at 8. Ms. Thomas "reiterate[d] . . . that I my doctors never pulled me off from work." *Id.*

- On August 29, 2010, a Michael Wamsley drafted, signed, and dated a note addressed "To Whom It May Concern," indicating that Ms. Thomas showed up for work but was told that she "could not work until we got notification from our office regarding her Doctors note." *Id.* at 5. Ms. Thomas then punched out and left work. *Id.*

- On September 22, 2010, Ms. Thomas sent a letter to the Employment Development Department of the San Francisco Adjudication Center. *Id.* at 9. In the letter Ms. Thomas "ask[s] for an appeal on my unemployment, because I do not agree with their decision stating that I was taken off work because I was under my doctor's care . . . ." *Id.* Ms. Thomas claims that her doctors stated that she could work but Angela Gonzales said that Ms. Thomas could not come back to work. *Id.*

- On March 29, 2011, Ms. Thomas wrote to UFCW, Local 5, asking for information on an unspecified topic and requesting a prompt answer. *Id.* at 3.

- On April 1, 2011, Dr. Kimberly Hicks, wrote a letter to Jacob Ybarra of Save Mart Supermarkets regarding Ms. Thomas. *Id.* at 4. The letter indicates that Dr. Hicks treated Ms. Thomas, that Ms. Thomas was not off work due to a job related illness or injury, and that Ms. Thomas has bipolar

---

[2] The court estimates this date because the document claims that Ms. Thomas received a letter from Save Mart on July 29, 2010 and that, at the time of writing, she was on a vacation that was to last until July 31, 2010.

1    disorder, which would not impact her job duties.  *Id.*

2    •   On May 26, 2011, Defendant John Nunes, UFCW Local 5's Collective Bargaining Director

3        wrote a letter to Ms. Thomas confirming that "Save Mart / Lucky has offered monetary

4        compensation in addition to the previous terms and conditions of settlement offered you and

5        contained in settlement Agreement dated April 26, 2011 by Lucky/Save Mart."  *Id.* at 10.  The

6        letter indicated that Lucky / Save Mart offered Ms. Thomas $7,500 in exchange for a full release.

7        *Id.*  Mr. Nunes indicated that this amount "does not affect the Union's settlement of your

8        grievance in certified letters sent to you from Local 5 dated May 12 and May 23, 2011."  *Id.*  He

9        also explained that Ms. Thomas would be required to comply with her schedule at Store #786.

10       *Id.*

11   •   The FAC also contains several pages of handwritten notes.[3]  *See id.* at 11-13.  The notes indicate

12       on May 2, Ms. Thomas called the UFCW president and stated in a message, that "I wanted to

13       have a date for arbitration or I am going public with my case."  *Id.* at 11.  On June 1, "I told

14       savemart I wanted arbitration an there is no settlement that I have agree to."  *Id.*

15   •   On June 15, 2011, Ms. Thomas wrote a letter to Carrie White, the Director of Employee

16       Relations as Savemart.  *Id.* at 6.  Ms. Thomas reiterated that she had not settled her claims

17       against Savemart and she requested arbitration.  *Id.*  She alleges that Savemart violated HIPAA

18       and the ADA.  *Id.*  She demanded that Savemart pay her for these violations.  *Id.*

19   •   On October 9, 2012, five days after she filed the FAC, Ms. Thomas filed a notice of right to sue

20       letter that the U.S. Equal Employment Opportunity Commission ("EEOC") sent Ms. Thomas on

21       July 6, 2012.[4]  *See* ECF No. 13.

22       Finally, Ms. Thomas attached a document to the FAC that appears to be an excerpt from the

23   Agreement, which she refers to as the "UFCW Food and Meat Agreements December 2, 2007 -

24

25   _____

26       [3]  The notes, which are dated by month and date, but not year, appear to document meetings
     and conversations related to Ms. Thomas's disputes with Savemart and with the UFCW.  *See id.*

27       [4]  Though the EEOC documents were filed several days after the FAC, Defendants treat them
28   as if they were attached, an approach the court follows.  *See* Mot., ECF No. 14 at 3 n.2.

**UNITED STATES DISTRICT COURT**
For the Northern District of California

1    October 8, 2011 By and Between [UFCW] Local 5 and Savemart Supermarkets." *Id.* at 1, 14.

2    Sections 21.1 states:

3    **SECTION 21. ADJUSTMENT BOARD AND ARBITRATION OF DISPUTES**
     **21.1 BOARDS:** Upon the request of either party hereto, a Board of Adjustment shall be
4    created, to be composed of two (2) representatives of each party to this Agreement, for the
     purpose of passing on all claims, disputes and grievances arising between the parties during
5    the term of this Agreement over the construction and application of this Agreement or
     relating to working conditions arising out of this Agreement, when such cannot be settled
6    directly between the Union and the Employer. Said Board shall meet for consideration of any
     such matter referred to it within seven (7) calendar days subsequent to a request therefor by
7    either party. For cases other than those which are disciplinary in nature, the convening of the
     Adjustment Board may be waived. The time limit may be extended by mutual agreement of
8    the parties. If the matter is not adjusted and is impassed, the moving party shall
     communicate, in writing, to the other party within twenty (20) business days following the
9    meeting of the Board of Adjustment their desire to proceed to arbitration. Failure of the
     moving party to comply with the twenty (20) business day time limit herein specified shall be
10   deemed to be a conclusive waiver of the grievance.

11   *Id.* at 14. Ms. Thomas alleges that "[t]he union did not follow this process with me. I ask for

12   Arbitration because there was not any agreement made in twenty days. The union disregards me.

13   Their lawyer for the union told me he represent the union only. I also was given inadequate advice

14   from the union lawyer. He only talks to me in two meetings." *Id.* at 1.

15   **21.2 DISCIPLINARY** [sic] **DISPUTES:** Disciplinary arbitrations (meaning a matter
     concerning a suspension, demotion, or termination) will be heard without the use of a court
16   reporter or briefs. The parties will present their evidence and witnesses and argue orally. At
     the conclusion of the arbitration hearing, the Union and the Employer will meet and in good
17   faith attempt to resolve the grievance. If the parties are unable to settle the grievance, the
     arbitrator will announce his/her decision within fourteen (14) business days and subsequently
18   will reduce his/her decision to writing. The parties may mutually agree to waive or modify
     any or all of the provisions of this expedited procedure.

19

20   *Id.* at 14. With respect to section 21.2, Ms. Thomas alleges that "[t]he union did not follow this

21   process. However I went to the EEOC and they gave me the right to sue letter. . . . It took the EEOC

22   and very long time to come to their conclusion so I did not run out of the statue of limitations." *Id.*

23   at 1 (errors in original).[5]

24

25   ─────────────────

26        [5] On November 27, 2012, Ms. Thomas filed a sur-reply in response to Defendants' reply
     brief. *See* ECF No. 18. In the sur-reply, Ms. Thomas restates her arguments and states that she
27   seeks $900,000 in pain and suffering damages. *Id.* The court does not consider the November 27,
     2012 filing because sur-replies are not permitted under the local rules. If the court were to consider
28   the sur-reply, it would not alter the court's ruling or reasoning.

UNITED STATES DISTRICT COURT
For the Northern District of California

1    In the FAC, Ms. Thomas seeks $800,000 in damages for "pain and suffering.  Emotional stress;

2    and loss of income, and hardship due to their lack of following the Arbitration process in our union

3    contract."  *Id.* at 2.  On October 17, 2012, the Defendants filed their motion to dismiss the FAC.  *See*

4    Mot., ECF No. 14 at 1-2.

### III.  LEGAL STANDARD

6    Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that

7    the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint must therefore provide a

8    defendant with "fair notice" of the claims against it and the grounds for relief.  *See Bell Atlantic*

9    *Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

10    A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does

11    not contain enough facts to state a claim to relief that is plausible on its face.  *See Twombly,* 550

12    U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

13    court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

14    *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a

15    'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted

16    unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 557).  "While a complaint attacked by a Rule

17    12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

18    provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

19    formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be

20    enough to raise a right to relief above the speculative level."  *Twombly,* 550 U.S. at 555 (internal

21    citations and parentheticals omitted).

22    In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true

23    and construe them in the light most favorable to the plaintiff.  *See id.* at 550; *Erickson v. Pardus,* 551

24    U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).  In

25    addition, courts may consider documents attached to the complaint.  *Parks School of Business, Inc.*

26    *v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).  If the court dismisses the

27    complaint, it should grant leave to amend even if no request to amend is made "unless it determines

28    that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203

1  F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California*

2  *Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  But when a party repeatedly fails to cure

3  deficiencies, the court may order dismissal without leave to amend.  *See Ferdik v. Bonzelet*, 963

4  F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had

5  instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to

6  amend).

7                                **IV.  DISCUSSION**

8       Defendants move to dismiss the FAC on three grounds.  They argue that Ms. Thomas's claims

9  are 1) barred by the applicable six month statute of limitations, 2) insufficiently supported by factual

10  allegations, and 3) barred to the extent they seek to hold individual union members and officers

11  liable for actions taken in the UFCW's name.  The court addresses each argument in turn.

12  **A.  Statute of Limitations**

13       Defendants first argue that all of Ms. Thomas's claims are barred by the statute of limitations

14  and that there is no basis for tolling.  *See* Mot., ECF No. 14 at 4-7.  Ms. Thomas responds that her

15  EEOC complaint tolled the statute of limitations.  *See* Opp'n, ECF No. 15 at 1; *see also* FAC at 1-2.

16  As stated in the court's order granting Defendants' motion to dismiss the original complaint, because

17  Ms. Thomas's claims arise under section 301 of the LMRA, the six-month statute of limitations of

18  29 U.S.C. section 160(b) applies.  Order, ECF No. 11 at 4-5 (citing *Newberry v. Pacific Racing*

19  *Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988) (section 301 governs claims for breach of a collective

20  bargaining agreement); *id.* at 5 (citing *Retana v. Apartment, Motel, Hotel and Elevator Operators*

21  *Union, Local No. 14, AFL-CIO*, 453 F.2d 1018, 1021-22 (9th Cir. 1972) (section 301 governs claims

22  for breach of a union's duty of fair representation); id. (citing *Hardine v. Office and Professional*

23  *Employees Int'l. Union*, 475 Fed. App'x 103, 105 (9th Cir. 2012) (six-month statute of limitations

24  applies to claims under section 301); *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983)

25  (same)).

26       Defendants argue that Ms. Thomas's claims are barred because the original complaint alleged

27  that claims arose in "2009 and 2010," the court dismissed that complaint on statute of limitations

28  grounds, and that the FAC does not allege different dates.  Mot. at 4.  The court disagrees that the

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1   analysis is that simple.  First, federal courts do not normally consider dates alleged in a superseded

2   complaint.  "[I]t is well-established that an amended complaint supersedes the original, the latter

3   being treated thereafter as non-existent."  *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir.

4   2011) (quoting *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) (internal quotation

5   marks omitted)).  Second, a Rule 12(b)(6) motion ordinarily cannot be used to raise an affirmative

6   defense.  *See Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).  A

7   motion to dismiss based on the affirmative defense of the statute of limitations must be based on the

8   facts and dates alleged in the complaint.  *See Von Saher v. Norton Simon Museum of Art at*

9   *Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).  Thus, where the running of the statute of limitations

10  cannot be determined from the face of the complaint, a summary judgment motion is the proper

11  procedure.  *See Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995);

12  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).

13      Ms. Thomas's original allegations established when her cause of action accrued.  But the FAC

14  does not directly allege any dates and attaches evidence suggesting her claims arose later.  For

15  example, the May 26, 2011 letter attached to the FAC refers to "the Union's settlement of your

16  grievance," which was communicated to Ms. Thomas "in certified letters sent to you from Local 5

17  dated May 12 and May 23, 2011."  FAC at 10.  In the June 15, 2011 letter, *id.* at 6, Ms. Thomas

18  states that on May 18, 2011, she wrote to Savemart denying that she had settled with them and

19  demanding arbitration.  Ms. Thomas's notes state that by May 2, 2011, she had asked the UFCW to

20  take her case to arbitration.  *Id.* at 11.  The notes also indicate that by June 1, Ms. Thomas had

21  rejected Savemart's settlement offer and requested arbitration.  *Id.*

22      Based on these allegations, it appears that Ms. Thomas's claims likely arose no later than the

23  summer of 2011 and that Ms. Thomas's claims are barred.  But resolving all reasonable inferences in

24  Ms. Thomas's favor, it is possible that the cause of action accrued sometime later.  For example, it is

25  possible that the UFCW did not refuse to arbitrate Ms. Thomas's dispute until sometime within the

26  statute of limitations period.  And while the May 26, 2011 letter from the UFCW to Ms. Thomas

27  refers in the past tense to "the Unions settlement of your grievance," the additional offer discussed in

28  that letter indicates that the negotiations had not yet concluded.  *Id.* at 10.  Accordingly, the court

1   cannot conclude that Ms. Thomas's cause of action accrued at that time.  On this record, the court

2   cannot find that the statute of limitations has run with sufficient certainty to dismiss the complaint.

3   Accordingly, the court DENIES Defendants' motion to dismiss on these grounds.

### B.  Violation of the Duty of Fair Representation

5       Ms. Thomas alleges that the Defendants violated their duty of fair representation.  Defendants

6   move to dismiss the complaint as insufficiently supported by factual assertions.  Mot. at 7.  The duty

7   of fair representation imposes on the exclusive bargaining representative – here the UFCW – "a

8   statutory obligation to serve the interests of all members without hostility or discrimination toward

9   any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."

10  *Vaca v. Sipes,* 386 U.S. 171, 177 (1967).  Nevertheless, unions possess very broad discretion under

11  the duty of fair representation.  The Supreme Court "has long recognized that unions must retain

12  wide discretion to act in what they perceive to be their members' best interests."  *Peterson v.*

13  *Kennedy,* 771 F.2d 1244, 1253 (9th Cir. 1985).

14      A two-step analysis determines whether a union has breached the duty of fair representation.

15  First, the court must determine whether the alleged misconduct involves the union's judgment, or

16  whether it was ministerial or procedural.  If the conduct is ministerial or procedural in nature,

17  plaintiff must establish that the challenged act or omission was arbitrary, discriminatory, or in bad

18  faith.  *Wellman v. Writers Guild of America, West, Inc.,* 146 F.3d 666, 670 (9th Cir. 1998); *Marino*

19  *v. Writers Guild of America, East, Inc.,* 992 F.2d 1480, 1486 (9th Cir. 1993).  If, on the other hand,

20  the conduct involves the Union's judgment, the plaintiff may prevail only if the conduct is

21  discriminatory or in bad faith.  *Id.*

22      A union's conduct is arbitrary "only if, in light of the factual and legal landscape at the time of

23  the union's actions, the union's behavior is so far outside a 'wide range of reasonableness' as to be

24  irrational."  *Air Line Pilots Ass'n., Int'l. v. O'Neill,* 499 U.S. 65, 67 (1991) (citation omitted).

25  Conduct can be classified as arbitrary "only when it is irrational, when it is without a rational basis

26  or explanation."  *Marquez v. Screen Actors Guild, Inc.,* 525 U.S. 33, 46 (1998).

27      "A union's decision not to arbitrate a grievance that it considers to be meritless is an exercise of

28  its judgment."  *Wellman,* 146 F.3d at 671; *Stevens v. Moore Business Forms, Inc.,* 18 F.3d 1443,

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1447 (9th Cir. 1994).  The Ninth Circuit has "never held that a union has acted in an arbitrary manner where the challenged conduct involved the union's judgment as to how best to handle a grievance." *Peterson,* 771 F.2d at 1254.  To the contrary, the court has "held consistently that unions are not liable for good faith, non-discriminatory errors of judgment made in the processing of grievances," and that "a union's conduct may not be deemed arbitrary simply because of an error in evaluating the merits of a grievance, in interpreting particular provisions of a collective bargaining agreement, or in presenting the grievance at an arbitration hearing." *Id.*

Finally, discriminatory conduct may be established by "substantial evidence of discrimination that is intentional, severe, and unrelated to legitimate union objectives." *Amalgamated Ass'n of Street, Elec. Ry. & Motor Coach Employees of Am. v. Lockridge,* 403 U.S. 274, 301 (1971); *Beck v. United Food and Commercial Workers Union, Local 99,* 506 F.3d 874, 880 (9th Cir. 2007).  And to establish bad faith, a plaintiff must show "substantial evidence of fraud, deceitful action or dishonest conduct." *Lockridge,* 403 U.S. at 299; *Beck,* 506 F.3d at 880.

Defendants argue that the FAC must be dismissed because it fails to state facts to show arbitrary, discriminatory, or bad faith behavior.  Mot. at 7.  In opposition, Ms. Thomas merely restates her allegations that "[t]he defendants refused to do arbitration afer I, the Plaintiff requested it because an agreement was not reach."  Opp'n, ECF No. 15 at 1.

The court agrees that the FAC fails to state a claim because it alleges no facts showing Defendants' arbitrary, discriminatory, or bad faith behavior.  The FAC contains no facts at all regarding arbitrary or bad faith behavior.  And the only fact related to discriminatory behavior is that Ms. Thomas filed an EEOC complaint (presumably against the UFCW).  *See* FAC at 1; Right to Sue Letter, ECF No. 13.  Other than this vague reference, the FAC contains no factual allegations to show arbitrary, discriminatory, or bad faith behavior.  Without such details, the FAC contains noting more than "labels and conclusions" and fails to plead facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Accordingly, the court GRANTS Defendants motion to dismiss on this ground.  Because the court disposes of all of Plaintiff's claims as insufficiently pleaded, it need not determine whether the claims against the individual Defendants are separately precluded.

**D.  Leave to Amend**

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1127 (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend.  *See Ferdik*, 963 F.2d at 1261 (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

The court dismissed the original complaint on statute of limitations grounds and did not consider whether Ms. Thomas sufficiently pleaded her claim for breach of the duty of fair representation.  *See* Order, ECF No. 11.  Similarly the court did not expressly direct Ms. Thomas to state detailed allegations to support her claim against the individual defendants.  Accordingly, the court will give Ms. Thomas one more chance.  Ms. Thomas may file an amended complaint within 28 days.

## IV.  CONCLUSION

For the reasons discussed above, the court GRANTS Defendants' motion to dismiss without prejudice.  Ms. Thomas has 28 days to file an amended complaint.

This disposes of ECF No. 14.

**IT IS SO ORDERED.**

Dated: December 1, 2012

_____
LAUREL BEELER
United States Magistrate Judge