UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| ANDREA THOMAS,<br><br>    Plaintiff,<br>    v.<br><br>RONALD J. LIND, TIM HAMANN, JOHN NUNES, AND UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 5,<br><br>    Defendants.<br>_____/ | No. C 12-04318 LB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE**<br><br>[ECF No. 32] |

**INTRODUCTION**

In this labor and employment suit, *pro se* Plaintiff Andrea Thomas seeks relief from Defendants Ronald Lind, Tim Hamann, John Nunes, and United Food and Commercial Workers Union, Local 5 ("UFCW") (collectively, Defendants), for allegedly failing to represent her in arbitration against her employer under the collective bargaining agreement between the UFCW and Savemart Supermarkets ("Agreement"). *See* Second Amended Complaint ("SAC"), ECF No. 32.[1] The court previously dismissed Ms. Thomas's first two complaints, *see* 9/28/12 Order, ECF No. 11; 12/3/12 Order, ECF No. 21, and Defendants now move to dismiss again, Mot., ECF No. 33. The court

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

1  GRANTS Defendants' motion to dismiss with prejudice.[2]

2  **STATEMENT**[3]

3  **I. PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff originally sued Defendants in Alameda County Small Claims Court on July 24, 2012. *See* Compl., ECF No. 1 at 5-6, 10; First Amended Complaint ("FAC"), ECF No. 12 at 1. Ms. Thomas alleged that in "2009-2010," Defendants failed to follow the Agreement's dispute resolution procedures, particularly its arbitration provision in handling her grievance with Savemart. Compl., ECF No. 1 at 6-7. On August 16, 2012, Defendants removed to this court on the basis of federal question jurisdiction, claiming that Plaintiff's claims arose under Section 301 of the Labor Management and Relations Act ("LMRA"), 29 U.S.C. § 185. ECF No. 1 at 1-2. Defendants moved to dismiss Ms. Thomas's complaint as barred by the statute of limitations and as not appropriate against the individual Defendants, who are UFCW officers. 8/22/12 Mot., ECF No. 4 at 2.

On September 28, 2012, the Court granted the Defendants' motion to dismiss Ms. Thomas's claims against all Defendants with leave to amend. *See* 9/28/12 Order, ECF No. 11 at 1. The court first determined that it had jurisdiction under the LMRA and that removal was proper. *Id.* at 5. Second, the court held that because Ms. Thomas's claims arose under section 301 of the LMRA, they were subject to the six-month statute of limitations of 29 U.S.C. § 160(b). *Id.* Because Ms. Thomas alleged that the violations occurred in "2009-2010," her claims were barred by the statute of limitations. *Id.* at 6. Finally, the court granted Ms. Thomas leave to amend because the scant factual record provided by Ms. Thomas's small claims court form complaint was insufficient to determine futility. *Id.*

**II. PLAINTIFFS' FIRST AMENDED COMPLAINT**

---

[2] The court finds this case suitable for determination without a hearing under Civil Local Rule 7-1(b) and vacates the hearing set for March 7, 2013.

[3] Because *pro se* pleadings are to be liberally construed and the Second Amended Complaint refers to documents filed in previous submissions, *see, e.g.,* SAC, ECF No. 32 at 1-2, the court relies on the facts alleged in all of Plaintiff's submissions. Rather than restate all of the facts in the FAC, the court incorporates by reference all of the facts set forth in the order dismissing the FAC. *See* 12/3/12 Order, ECF No. 21.

1    Ms. Thomas filed the FAC and its attachments on October 4, 2012 (and as stated in footnote 3,
2 the court incorporates those facts by reference as summarized in the 12/3/12 order at ECF No. 21).
3    On December 3, 2012, the court granted Defendants' motion to dismiss. *See* 12/3/12 Order, ECF
4 No. 21. The court denied the motion to dismiss on statute of limitations grounds, noting that the
5 statute of limitations likely barred Ms. Thomas's claims but that the record was insufficiently certain
6 to support Rule 12 dismissal. *See id.* at 8-9. The court construed the FAC as attempting to state a
7 claim for violation of the duty of fair representation. *See id.* at 9. That duty requires the UFCW to
8 "serve the interests of all members without hostility or discrimination toward any, to exercise its
9 discretion with complete good faith and honesty, and to avoid arbitrary conduct." *Vaca v. Sipes,* 386
10 U.S. 171, 177 (1967). The court found that under the terms of the Agreement, the UFCW's decision
11 not to arbitrate Ms. Thomas's grievance against SaveMart involved the union's judgment (as
12 opposed to being ministerial or procedural). *See* 12/3/12 Order, ECF No. 21 at 9-10. Under the
13 applicable law, that meant that Ms. Thomas had to show that the union's conduct was
14 "discriminatory or in bad faith." *Id.* (citing *Wellman v. Writers Guild of America, West, Inc.,* 146
15 F.3d 666, 670 (9th Cir. 1998)). The court also noted that the Ninth Circuit has "held consistently
16 that unions are not liable for good faith, non-discriminatory errors of judgment made in the
17 processing of grievances," and that "a union's conduct may not be deemed arbitrary simply because
18 of an error in evaluating the merits of a grievance, in interpreting particular provisions of a
19 collective bargaining agreement, or in presenting the grievance at an arbitration hearing." *Id.*
20 (quoting *Peterson v. Kennedy*, 771 F.2d 1244, 1253 (9th Cir. 1985)). The court noted that
21 discriminatory conduct may be established by "substantial evidence of discrimination that is
22 intentional, severe, and unrelated to legitimate union objectives." *Amalgamated Ass'n of Street,*
23 *Elec. Ry. & Motor Coach Employees of Am. v. Lockridge,* 403 U.S. 274, 301 (1971); *Beck v. United*
24 *Food and Commercial Workers Union, Local 99,* 506 F.3d 874, 880 (9th Cir. 2007). And to
25 establish bad faith, a plaintiff must show "substantial evidence of fraud, deceitful action or dishonest
26 conduct." *Lockridge,* 403 U.S. at 299; *Beck,* 506 F.3d at 880.
27    Because the record contained no facts or allegations showing Defendants' arbitrary,
28 discriminatory, or bad faith behavior, the court granted Defendants' motion to dismiss the FAC. *See*

1 12/3/12 Order, ECF No. 21 at 10-11. The court did not reach the issue of whether the claims against the individual Defendants were separately precluded. *Id.*

Still, the court granted Ms. Thomas "one more chance" to amend within 28 days. *Id.* The court instructed Ms. Thomas that she would have to support her claims with factual allegations of arbitrary, discriminatory or bad faith behavior and state detailed allegations against the individual defendants. *Id.*

## III. THE SECOND AMENDED COMPLAINT

Ms. Thomas filed her Second Amended Complaint on January 14, 2013.[4] The court reproduces all of the SAC's allegations below:

> For over nine years I was and worker under the union local 5; I paid my union dues on time. I am asking the court to amend the motion to Dismissed filed by the defendants. I sent in the write to sue letter by the EEOC several months ago. I have sent in documentation from my former doctors. I have sent the letter that was given to me from a former manager at Savemart for me to go home. I am the only journeymen who had and company key from Savemart to count the change on the register that I know of because of doing my job. This is not a case about me. This is and case about the [UFCW]. Failure to follow through on the Union contract : UFCW a Voice for working America Food and Meat Agreements December 2,2007- October 8,2011 By and Between [UFCW] and Savemart Supermarkets. They never follow the:( Adjustment Board and Arbitration of Disputes section 21 pages 43). I have also sent in this rule that was given to the courts months ago. I was also given inadequate legal advice for the union. I asked for Arbitration. They refuse to respect my wish. They went for several months to come up with an agreement with Savemart. By then I had been pulled off of my job two times without any justification whatsoever. My doctor never pulled me off from work. I was told to go home. By then if I would have went back to work my documentation would have not been worth anything. I was supposed to take only twenty days to come up with an agreement in our union contract at that time not several months. This is time, I am off from work. I also was humiliated by the union local 5 and the corporation. Judge Beeler I am asking for justice. I have been reducing to food stamps. My excellent credit has been run ion. I receive calls from creditor's everyday now. I am struggling. Please make them own up to what they have done to me as a former union member who paid my union dues on time. The breach the union contract of December 2, 2007- October 8, 2011, not I. I am asking for one million dollars due to pain and suffering.

SAC, ECF No. 32.

On January 15, 2013, Defendants filed the pending Motion to Dismiss Pl.'s 2nd Am. Compl.

---

[4] The court excused Ms. Thomas's tardiness in filing the SAC. *See* Order to Show Cause, ECF No. 29.

1  ("Motion"). ECF No. 33. Ms. Thomas filed her Opposition on January 25, 2013.[5] ECF No. 34.

## ANALYSIS

Defendants move to dismiss the complaint for failure to state a claim against the UFCW or the individual Defendants. *See* Mot., ECF No. 33 at 3.

## I. PLEADING STANDARD

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quotation and citation omitted).

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *See Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus,* 551

---

[5] The Opposition is titled "Amended Complaint against Defendants motion to dismiss Plaintiff second Amended complaint." *See* Opp'n, ECF No. 36 at 1. Despite the ambiguous title, it is an opposition brief because it contains only argument. In any event, it does not address any deficiencies identified in Defendants' pending motion to dismiss and – even if construed as a complaint or an addendum to the existing complaint – does not alter the outcome.

C 12-04318 LB
ORDER GRANTING MOTION TO DISMISS            5

UNITED STATES DISTRICT COURT
For the Northern District of California

1  U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007). In
2  addition, courts may consider documents attached to the complaint. *Parks School of Business, Inc.*
3  *v. Symington,* 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted). If the court dismisses the
4  complaint, it should grant leave to amend even if no request to amend is made "unless it determines
5  that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203
6  F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. Northern California*
7  *Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure
8  deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963
9  F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had
10 instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to
11 amend).

## II. SUBSTANTIVE ALLEGATIONS

Defendants argue that Ms. Thomas's complaint should be dismissed because it contains neither facts sufficient to state a plausible claim for relief nor a short and plain statement of the claims. Mot., ECF No. 33 at 3. Ms. Thomas does not respond to Defendants' arguments, but simply restates her allegations: that the union did not take her grievance to arbitration when she asked it to. *See* Opp'n, ECF No. 36 at 1.

As the text of the SAC quoted above shows, Plaintiff has not complied with the court's directive to bolster the factual allegations in her complaint so as to show arbitrary, malicious, or discriminatory conduct by Defendants. *See* 12/3/12 Order, ECF No. 21 at 10-11. On its own, the SAC contains scant factual allegations and even fewer relevant ones. *See* SAC, ECF No. 32. Even considering all of the factual material Ms. Thomas has submitted in this case under the most deferential standard, the court can find no plausible claims. Ms. Thomas alleges that she asked the UFCW to arbitrate her grievance and they refused. *See, e.g.,* SAC, ECF No. 32 at 1-2. Nothing in the excerpt of the Agreement filed in this case requires the UFCW to arbitrate a member's grievance if it does not want to do so. *See* Agreement, ECF No. 12 at 14. Nor does Ms. Thomas suggest that Defendants acted arbitrarily, in bad faith, or to discriminate against her (despite the court's telling her previously that this was what she had to allege). Accordingly, the court GRANTS Defendants'

motion to dismiss.

When a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed *pro se* plaintiff regarding deficiencies in prior order dismissing claim with leave to amend). The court has given Ms. Thomas several opportunities to amend her complaint, and it has directed her to the court's resources for litigants who represent themselves. The court is sympathetic to Ms. Thomas's personal circumstances, but she has not been able to state claims. Accordingly the court dismisses with prejudice (meaning Ms. Thomas may not file another amended complaint).

## CONCLUSION

For the reasons discussed above, the court GRANTS Defendants' motion to dismiss with prejudice. The clerk of court shall close the file.

This disposes of ECF No. 32.

**IT IS SO ORDERED.**

Dated: February 25, 2013

_____
LAUREL BEELER
United States Magistrate Judge